# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Animal Protection Institute,

       Plaintiff,

   vs.                                MINUTE ORDER

Gene Merriam, in his official
capacity as Commissioner of
the Minnesota Department of
Natural Resources,

         Defendant.        Civ. No. 06-3776 (MJD/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

On November 16, 2006, the Court heard argument on the Motion of the Safari Club International, the Safari Club International Foundation, and the Minnesota Outdoor Heritage Alliance (collectively the "Safari Club"), for leave to participate in this case as amici curiae. The Plaintiff opposes the Motion for the specific reason that the Motion is premature, as no substantive Motions currently pend before the Court. At the time of the Hearing, the Plaintiff appeared by Marc D. Fink, Esq., the Defendant appeared by David P. Iverson, Assistant Minnesota Attorney General, and the Safari Club appeared by Douglas S. Burdin, and Kirk A. Schnitker, Esqs. For reasons which follow, we grant the Motion.

Although not addressed by the Federal Rules of Civil Procedure, and not fully explored by the Courts of this Circuit, "[a] district court has inherent authority to designate amici curiae to assist it in a proceeding." Liberty Resources, Inc. v. Philadelphia Housing Authority, 395 F. Supp. 2d 206, 209 (E.D. Penn. 2005) (citing cases); see also, Alliance of Automobile Manufacturers v. Gwadowsky, 297 F. Supp. 2d 305, 306 (D. Maine 2003), citing Resort Timeshare Resales, Inc. v. Stuart, 764 F Supp. 1495, 1500 (S.D. Fla. 1991); Smith v. Chrysler Financial Co., L.L.C., 2003 WL 328719 at *8 (D. N.J., January 15, 2003). "Amicus curiae status is generally granted when: (1) the petitioner has a 'special interest' in the particular case; (2) the petitioner's interest is not represented competently or at all in the case; (3) the proffered information is timely and useful; and (4) the petitioner is not partial to a particular outcome in the case." Id., citing Sciotto v. Maple Newtown Sch. Dist., 70 F. Supp. 2d 553, 555 (E.D. Pa. 1999). A reading of the cases underscores that these factors are not talismanic, and the unique circumstances of each case govern the need for, and role to be played by, a "friend of the Court."[1]

---

[1]A particularly insightful critique of certain of these criteria is provided by then Circuit Judge, and now Justice Alito, in Neontology Associates, P.A. vs. Com'r of Internal Revenue, 293 F.3d 128, 131 (3rd Cir. 2002)(Chambers Opinion)("This description of the role of an amicus [as impartial] was once accurate and still appears
(continued...)

As succinctly stated by Circuit Judge Posner:

> No matter who a would-be amicus curiae is, therefore, the criterion for deciding whether to permit the filing of an amicus brief should be the same:  whether the brief will assist the judges by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs.

Voices for Choices v. Illinois Bell Telephone Co., 339 F.3d 542, 545 (7th Cir. 2003) (Chambers Opinion).

"Commonly, amicus status is granted only when there is an issue of general public interest, the amicus provides supplemental assistance to existing counsel, or the amicus insures a 'complete and plenary presentation of difficult issues so that the court may reach a proper decision.'"  Alliance of Automobile Manufacturers v. Gwadowsky, supra at 307, quoting Alexander v. Hall, 64 F.R.D. 152, 155 (D.S.C. 1974).

Here, the Plaintiff opposes the Motion solely on the basis that it is premature, since it is difficult to precisely assess what contribution the Safari Club can make

---

[1](...continued)
in certain sources, * * * but this description became outdated long ago," and "[t]he argument that an amicus cannot be a person who has 'a pecuniary interest in the outcome' also files in the face of current appellate practice.").  Now Justice Alito also noted his disagreement with the "argument that an amicus seeking leave to file must show that the party to be supported is either unrepresented or inadequately represented" for, "[e]ven when a party is very well represented, an amicus may provide important assistance to the court."  Id. at 132.

toward assuring a fully informed Court. As a consequence, the Plaintiff notes that the Safari Club has not demonstrated that "there is anything inadequate in the Attorney General's representation of the State Defendant Merriam, nor could it at this juncture."[2] Opposition to Motion, Docket No. 15, at p. 3 n.1. Similarly, the Plaintiff observes that the technical expertise, which the Safari Club claims on biological matters, cannot, at this point, be distinguished from any biological expertise that may be proffered by the Defendant. While these observations are accurate to an extent, they overlook the fact that "[t]he State Defendant does not represent the hunting, trapping, and recreational community and those whose recreational and commercial activities are threatened by the potential absence of the wildlife management opportunities if Plaintiff prevails." Memorandum of Law in Support of Motion, Docket No. 5, at p. 6.

Although, as the Plaintiff urges, it remains somewhat conjectural as to the precise knowledge that the Safari Club can shed on the substantive issues in this case, there can be little doubt that it bears a "special interest," concerning an issue of public

---

[2]At the time of the Hearing, counsel for the Defendant did not oppose the Motion, and expressed support for the allowance of views from the Safari Club, as a representative of those persons who are regulated by the Rules promulgated and enforced by the Defendant, in his official capacity as the Commissioner of the Minnesota Department of Natural Resources.

concern which, properly voiced, might well ensure a "complete and plenary presentation of difficult issues so the court may reach a proper decision."[3] Liberty Resources Inc. v. Philadelphia Housing Authority, supra at 209, quoting Alliance of Automobile Manufacturers v. Gwadowsky, supra at 307, quoting, in turn, Alexander v. Hall, supra at 155. As is true with any amicus, "the extent to which [the Safari Club] should be permitted to participate is within the court's discretion." Smith v. Chrysler Financial Co., L.L.C., supra at *8, citing Alexander v. Hall, supra at 155 (It remains within the Court's discretion to determine "the fact, extent, and the manner of participation by the amicus."); see also, Verizon New England v. Maine Public Utilities Com'n, 229 F.R.D. 335, 338 (D. Maine 2005).

---

[3]While, undoubtedly, the Safari Club has a disposition toward the management of Minnesota's wildlife which may well be at odds with the disposition of the Plaintiff, that is not to say that the Defendant, and the Safari Club, are of like mind. See, Opposition to Motion, Docket No. 15, at p. 6 ("[I]t is apparent that [the Plaintiff] and the Safari Club are at opposite ends of the spectrum of the 'interest group politics' * * *."). By every appearance, even at this preliminary juncture, the "stool" presented by the issues in this case has at least three (3) legs -- the regulators, those for the regulations, and those against.

Nor do we presume that the Safari Club is pristinely impartial on the merits of the issues in contest, but "by the very nature of things the amicus is not normally impartial." Smith v. Chrysler Financial Co., L.L.C., 2003 WL 328719 at *8 (D. N.J., January 15, 2003), quoting United States v. Gotti, 755 F. Supp. 1157, 1158 (E.D.N.Y. 1991), quoting, in turn, Strasser v. Doorley, 432 F.2d 567, 569 (1st Cir. 1970).

Were we to accede to the Plaintiff's position, we would merely defer the inevitable, for the Safari Club would simply renew the request for amicus standing as this case proceeds through the pretrial stages, and ripens into a substantive examination of the merits of the parties' conflicting positions.[4] Accordingly, we conclude that the Safari Club's Motion should be granted, but subject to constraints. As amici curiae, the Safari Club is granted the right to receive notice of filed Motions, and copies of accompanying memoranda. Thereafter, if the Safari Club concludes that it

---

[4]Now Justice Alito also addressed the Plaintiff's prematurity argument as follows:

> The decision whether to grant leave to file must be made at a relatively early stage of the appeal. It is often difficult at that point to tell with any accuracy if a proposed amicus filing will be helpful. * * * Under these circumstances, it is preferable to err on the side of granting leave. If an amicus brief that turns out to be unhelpful is filed, the merits panel, after studying the case, will often be able to make that determination without much trouble and can then simply disregard the amicus brief. On the other hand, if a good brief is rejected, the merits panel will be deprived of a resource that might have been of assistance.

Neonatology Associates, P.A. v. Com'r of Internal Revenue, supra at 132-33.

Our approach is intended to control the abuses enumerated by Judge Posner in Voices for Choices v. Illinois Bell Telephone Co., 339 F.3d 542, 544-45 (7th Cir. 2003)(Chambers Opinion), while not unduly delimiting the best purposes served by a legitimate amicus, as recognized by now Justice Alito in Neonatology Associates, P.A. v. Com'r of Internal Revenue, supra at 132-33.

can appropriately assist the Court's consideration of the issues which implicate the Safari Club's expertise, or special interests, it may, by letter, seek leave to serve and file a brief on a particular Motion, and it may request leave to orally argue the Motion at a scheduled Hearing. Whether leave will be granted is wholly dependent upon a showing of the competent assistance that the Safari Club's briefing can provide to the Court.[5] If leave is so granted, then the Safari Club's submissions to the Court will be restricted to the permission extended.

The restrictions that we place on the Safari Club's status as amici curiae recognize the potential abuses of such standing, which have been addressed elsewhere, and pragmatically minimize the unnecessary burdens that could otherwise be imposed upon the Court, and the parties, by the incidentals of such standing, while preserving the laudatory purposes for an amicus, where warranted. See, Voices for Choices v. Illinois Bell Telephone Co., supra at 544 ("The reasons for [a restrictive] policy are several: judges have heavy caseloads and therefore need to minimize extraneous reading; amicus briefs, often solicited by parties, may be used to make an end run

---

[5]As but one example, absent some specific showing, were a Motion to Dismiss on procedural, or jurisdictional grounds presented, we would find it difficult to perceive how the Safari Club's expertise, and special interest, could assist the Court on plainly legal issues. See, e.g., Price v. Corzine, 2006 WL 2252208 at *3 (D. N.J., August 7, 2006).

around court-imposed limitations on the length of the parties' briefs; the time and other resources required for the preparation and study of, and response to, amicus briefs drive up the cost of litigation; and the filing of an amicus brief is often an attempt to inject interest group politics into the federal appeals[/Trial] process."), citing National Organization of Women, Inc. v. Scheidler, 223 F.3d 615, 616 (7th Cir. 2000); compare, Neontology Associates, P.A. v. Com'r of Internal Revenue, 293 F.3d 128, 133-34 (3rd Cir. 2002)(Chambers Opinion).  If, as the Safari Club represents, it can offer a meaningful contribution to the Court's understanding of the issues presented, then the Safari Club should be granted leave to participate in the restricted status of an amici.

NOW, THEREFORE, It is --

ORDERED:

That the Motion of the Safari Club International, the Safari Club International Foundation, and the Minnesota Outdoor Heritage Alliance, for leave to participate as

amici curiae [Docket No. 3] is GRANTED, as more fully detailed in the text of this

Minute Order.


BY THE COURT:


Dated:  November 16, 2006        s/Raymond L. Erickson
                                Raymond L. Erickson
                                CHIEF U.S. MAGISTRATE JUDGE