UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Animal Protection Institute and
Center for Biological Diversity,

    Plaintiffs,

v.

Mark Holsten, in his official
capacity as Commissioner of the
Minnesota Department of Natural
Resources,

    Defendant,

and

Minnesota Trappers Association, et al.,

    Defendant - Intervenors.

ORDER
Civil No. 06-3776 (MJD/RLE)

_____

    Marc D. Fink and John Buse Center for Biological Diversity and James J. Tutchton, Environmental Law Clinical Partnership for and on behalf of Plaintiffs.

    David P. Iverson and Nathan J. Hartshorn, Assistant Minnesota Attorney Generals for and on behalf of Defendant Mark Holsten, Commissioner of the Minnesota Department of Natural Resources..

    Gary R. Leistico, Rinke Noonan Attorneys at Law, William P. Horn and James H. Lister, Birch, Horton, Bittner & Cherot, and Laurence J. Lasoff and Barbara A. Miller, Kelly Drye & Warren for and on behalf of Defendant Intervenors.

_____

## FINDINGS AND CONCLUSIONS

1.  The Animal Protection Institute and the Center for Biological Diversity (hereinafter referred to as "Plaintiffs") brought the above-captioned action against Mark Holsten, in his official capacity as Commissioner of the Minnesota Department of Natural Resources (hereinafter referred to as "State") under the federal Endangered Species Act ("ESA"), 16 U.S.C. § 1531, et seq.

2.  Cross-motions for summary judgment were heard by this Court on January 17, 2008.  By Memorandum Opinion and Order dated March 28, 2008 (Document No. 144), this Court granted Plaintiffs' motion on liability and directed the Minnesota Department of Natural Resources ("DNR") to:

   a.  Apply to the U.S. Fish and Wildlife Service ("USFWS") for an Incidental Take Permit ("ITP") for Canada lynx for the State's trapping program pursuant to the ESA, 16 U.S.C. § 1536(b)(4), on or before April 30, 2008; and

   b.  Develop and prepare a proposal to be submitted to this Court on or before April 30, 2008, "to restrict, modify, or eliminate … the incidental taking of Canada Lynx through trapping activities in the

core Canada Lynx ranges."

3. That DNR applied for an ITP for Canada lynx for the State's trapping program by submitting an ITP permit application and a Habitat Conservation Plan ("HCP") to the USFWS on April 21, 2008. On April 30, 2008, the State filed with this Court a copy of its ITP application and HCP as submitted to the USFWS. (Document No. 146.)

4. On April 30, 2008, the State filed with this Court a "Proposal of the Minnesota Department of Natural Resources to Restrict, Modify, or Eliminate the Incidental Take of Canada Lynx" ("State's Proposal"). (Document No. 145.)

5. On May 16, 2008, Plaintiffs submitted to the Court its objections to the State's Proposal. The State and Defendant-Intervenors submitted responses to the Plaintiff's objections. In response to the Plaintiff's objections, the State has agreed to modify its proposal to include a prohibition on the use of fresh meat as bait, and that the State will notify the parties' to the taking of lynx occurring during the pendency of the Court's Order, subject to the Minnesota Government Data Practices Act, Minn. Stat. § 13, and other relevant statutes.

6. After reviewing all submissions, the Court finds that the State's Proposal, as well as its ITP application and HCP, are adequate and in compliance

with this Court's Order of March 28, 2008, with the exceptions noted above.

   THEREFORE, IT IS HEREBY ORDERED THAT:

1.   The State shall implement the regulatory and programmatic changes as set forth in the State's Proposal (Document No. 145), and set forth in paragraph 5 above, the terms of which are incorporated herein and made a part of this Order;

2.   All rules set forth in the State's Proposal shall be promulgated pursuant to State law in a manner that will ensure that such rules are in full effect by October 25, 2008, the beginning of the 2008-09 trapping season;

3.   Upon implementation of the regulatory and programmatic changes as set forth in the State's Proposal, the State will be in compliance with Section 9 of the ESA;

4.   Such regulatory and programmatic changes shall remain in effect pursuant to this Order until such time as: a) an ITP is issued to the State for its trapping program; b) the USFWS promulgates a 4(d) Rule pursuant to the ESA, 60 U.S.C. § 1533(d), addressing the incidental take of Canada lynx resulting from trapping activities; c)

the Canada lynx is removed from protection under the ESA; or d) further order of this Court; and

5. This Court shall retain jurisdiction of this case under 16 U.S.C. § 1540(g) in order to modify or terminate the order for good cause shown, or to resolve any disputes arising thereunder.

Dated: July 13, 2008                    s / Michael J. Davis
                                         MICHAEL J. DAVIS
                                         Chief Judge
                                         United States District Court